STATE OF NEBRASKA, APPELLEE, V. BRIAN D. PORTER, APPELLANT.
455 N.W.2d 787

Filed May 25, 1990.    No. 89-492.

Michael F. Gutowski for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Because a police officer improperly obtained a confession from Brian D. Porter which was used against him at his jury trial, we vacate Porter's sentences and reverse his convictions on two counts of robbery.

On each count, an elderly woman was knocked to the ground and robbed of her purse. Porter was convicted and sentenced to

two 5-year consecutive terms of imprisonment. He was given credit on his sentence for 65 days for the time he had spent in jail.

The cause is remanded to the district court for Douglas County for a new trial on both counts.

Between 8 and 8:30 a.m. on October 16, 1988, an Omaha police sergeant observed a black male, with an object clutched under his shirt, running around the west side of the officer's vehicle. Because of the man's suspicious behavior, the police sergeant began following him. The officer was soon informed by radio that there had been a robbery nearby. Porter was apprehended, arrested, and taken to the Omaha police station. There, Porter was advised of his *Miranda* rights, which he waived. He was interviewed. He denied any connection with the robbery. Porter was lodged in jail.

The next morning, Porter was again advised of his *Miranda* rights, which he again waived. The defendant was then interrogated in the presence of three Omaha police officers. An interrogating police officer informed Porter that if he confessed, it could help him and that it would look better for him. Porter confessed, among others, the two robberies of which he was convicted. After again being apprised of his *Miranda* rights and waiving them, Porter gave a tape-recorded statement to the police, in which he again confessed that he was the perpetrator of the robberies of which he was ultimately convicted.

After a hearing, Porter's pretrial motion to suppress his confessions was overruled. His objection at trial to the admission of his taped confession was also overruled. The jury returned guilty verdicts on the two robbery counts.

At the hearing on Porter's pretrial motion to suppress his confessions, the three Omaha police officers testified that no threats or promises had been made to Porter to induce him to confess. Porter testified that when he was interrogated, he was told by a police officer that "if I cooperated with them [the officers], the judge would be easier on me then." Porter said he was also told by a police officer before his taped confession: "Remember now that I am going to tell the judge that you were cooperating all the way 100% and, like I said, it is going to go

easier on you if you go into court being cooperative rather than being an asshole or a hard ass like this." The trial court obviously believed the officers rather than Porter and overruled the defendant's motion to suppress his oral and taped confessions.

At Porter's jury trial, only two of the officers present at his interrogation testified. The first officer testified without objection that Porter told him that he had grabbed a purse from one victim and that the victim had fallen down. Thereupon, Porter renewed his pretrial objection that his statements were not freely and voluntarily given and were the result of inducements of leniency made by members of the Omaha Police Division to Porter in exchange for his statements. The officer testified that no one in his presence offered Porter anything in exchange for his statement. Again, the trial court overruled Porter's objection.

The next police officer to be called as a witness at Porter's jury trial had earlier testified at the suppression hearing that he was the primary interrogator of Porter. During the pretrial suppression hearing and on direct examination at trial, the officer testified he had not made any promises to Porter to obtain his confessions. At his trial, Porter again renewed his objection to the reception in evidence of his confessions. On cross-examination at trial, the primary interrogator testified that he advised Porter that it could help him if he confessed and that it would look better for him if he did confess. The questions and answers on cross-examination of the officer were as follows:

Q. You did tell him that it would help him if he would confess, didn't you?

A. It could help him.

Q. You did tell him that?

A. I said that it could help him, yes.

Q. In fact, you mentioned at one point in the tape, "I am sure the judge will take that into consideration"?

A. Yes, sir.

Q. So basically you told him that it could help him if he confessed and if he told you what he did that you would be a lot easier on him?

A. That it would look better for him.

Q. That it would look better for him?

A. Right.

Q. And you were telling him that even before he admitted doing anything on either of these robberies?

A. I was probably telling that all the way through in talking about all of the robberies.

Before a confession given while a defendant is in custody may be admitted into evidence, the State must prove by a preponderance of the evidence that, among other things, (1) the defendant was informed of and waived his or her rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and (2) his or her confession was given freely and voluntarily. It is only after the State has met each of these requirements that a confession may be admitted into evidence. See *State v. Hankins*, 232 Neb. 608, 441 N.W.2d 854 (1989).

In Porter's case, he was given his *Miranda* rights three times and each time waived them. He has not made an issue on that point on appeal. He does claim, however, that his confessions were involuntary. "[A] defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession . . . ." *Jackson v. Denno*, 378 U.S. 368, 376, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964). *State v. Hayes*, 229 Neb. 53, 56, 424 N.W.2d 624, 626 (1988), holds that "to be admissible in evidence, an accused's statement, admission, or confession must have been freely and voluntarily made, and must not have been the product of or extracted by any direct or implied promise or inducement, *no matter how slight*." (Emphasis supplied.) See, also, *State v. Dixon*, 222 Neb. 787, 387 N.W.2d 682 (1986).

In order to preserve a question concerning the admissibility of evidence for review on appeal, it is necessary to object at trial to the admission of evidence even though it was earlier considered at a hearing on a motion to suppress, which motion was overruled. *State v. Davis*, 231 Neb. 878, 438 N.W.2d 772 (1989). As previously stated, Porter did not timely object to testimony of his first verbal confession of a robbery that involved one of the victims herein. He did, however, object to a subsequent tape recording that included a confession of that

same robbery as well as of a robbery that involved another victim. Although the defendant had testified at the suppression hearing that he was promised leniency if he confessed, it was not evident that the trial court was clearly wrong in failing to suppress Porter's confessions until the primary police interrogator admitted on cross-examination at Porter's jury trial that the confessions were obtained by implied promises of leniency. Had these implied promises of leniency been disclosed at the pretrial suppression hearing, assuredly the trial court would have suppressed Porter's confessions for lack of voluntariness.

An error in admitting or excluding evidence in a criminal trial, whether of constitutional magnitude or otherwise, is prejudicial unless it can be said that the error was harmless beyond a reasonable doubt. *State v. Rowland*, 234 Neb. 846, 452 N.W.2d 758 (1990). Admission of the tape-recorded confessions over Porter's objection was prejudicial and was not harmless error. The tape-recorded confessions bolstered and reinforced the testimony of the defendant's earlier verbal confession of one robbery and played a devastating prejudicial role in convicting him of the second robbery. Under *Jackson v. Denno, supra*, because Porter's convictions were based, at least in part, upon his taped involuntary confessions, Porter was denied due process of law.

Although the cause is being remanded for a new trial, certain other assignments of error raised by the defendant should be considered, since the issues may recur at retrial.

Porter filed a motion to sever the individual counts and to have a separate trial on each. The defendant contends that the trial court abused its discretion in overruling that motion. Porter argues that he was prejudiced by being required to defend two counts of robbery at the same trial.

Neb. Rev. Stat. § 29-2002 (Reissue 1989) provides:

(1) Two or more offenses may be charged in the same indictment, information, or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or

constituting parts of a common scheme or plan.

. . . .

(4) If it appears that a defendant or the state would be prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint . . . for trial together, the court may order an election for separate trials of counts, indictments, informations, or complaints . . . or provide whatever other relief justice requires.

A trial court's ruling on a motion for consolidation of prosecutions properly joinable will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Thompson*, 231 Neb. 771, 438 N.W.2d 131 (1989). If the offenses involved were of the same or similar character, they can be joined in one information, and the trial court can order that they be tried together. *Id.*; *State v. Vrtiska*, 225 Neb. 454, 406 N.W.2d 114 (1987), *cert. denied* 484 U.S. 863, 108 S. Ct. 180, 98 L. Ed. 2d 133. In this case, the assailant, albeit at different times, approached two elderly women within two blocks of one another, knocked them to the ground, snatched their purses, and fled from the scene. Both victims similarly described the robber as a black male of slender or medium build who appeared to be 20 to 30 years of age.

Joinder is not prejudicial error where evidence relating to both offenses would be admissible in a trial of either offense separately. *Thompson, supra*; *State v. McGuire*, 218 Neb. 511, 357 N.W.2d 192 (1984). Applying the reasoning of *Thompson, supra* and *McGuire, supra*, to this case, evidence of either robbery would have been admissible at a trial of the other robbery to establish method of operation and identity. No prejudicial error on account of the joinder of the two offenses has been shown. Therefore, it cannot be said that the trial court abused its discretion in trying them together.

The victim of one of the robberies of which Porter was convicted viewed a four-man physical lineup on the morning of October 17, 1988. This victim informed a police officer that Porter most closely resembled her assailant but she could not make a positive identification. It was uncontradicted that the police did not suggest or influence the victim's identification. Alleging that the lineup was unduly suggestive, the defendant

filed a pretrial motion to suppress all in-court identification of him as the perpetrator of this particular crime. After a suppression hearing, the motion was overruled. Both at the suppression hearing and at trial, this victim identified Porter as the man who took her purse. Porter asserts that the trial court erred in overruling his motion to suppress this victim's identification testimony.

In determining the correctness of a trial court's ruling on a motion to suppress, the Supreme Court will uphold the trial court's findings of fact unless those findings are clearly erroneous. *State v. Sardeson*, 231 Neb. 586, 437 N.W.2d 473 (1989). In making this determination, the Supreme Court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that the trial court has observed the witnesses testifying in regard to such motions. *Id.*

An identification procedure is constitutionally invalid only when it is so unnecessarily suggestive and conducive to an irreparably mistaken identification that a defendant is denied due process of law. *State v. Wickline*, 232 Neb. 329, 440 N.W.2d 249 (1989). The initial inquiry is whether an identification procedure was suggestive. A determination of suggestiveness is based on the totality of the circumstances. *State v. Garcia, ante* p. 53, 453 N.W.2d 469 (1990). Once it has been determined that a lineup was not suggestive, the due process inquiry into the lineup is at an end. See *Garcia, supra*.

After reviewing the record, based upon the totality of the circumstances, we cannot say that the trial court was clearly wrong in finding that the lineup was not so unnecessarily suggestive and conducive to an irreparably mistaken identification that Porter was denied due process of law. The men participating in the lineup were of the same race. The defendant's dress, height, weight, age, facial features, and hairstyle in no way singled him out from the other three individuals in the lineup.

Over Porter's objection, the victim who viewed the lineup testified regarding her broken arm that resulted from her being robbed. She also related her later treatment at a hospital. Two photographs in which this victim is depicted with her visibly

bruised arm in a sling were received into evidence. The defendant also objected to the other victim's testimony that her side, knee, hip, and shoulder were skinned when she was robbed. The defendant assigns as error the admission of that evidence.

A trial court's ruling on the relevancy of evidence will not be disturbed on appeal unless there has been an abuse of discretion. See *State v. Juhl*, 234 Neb. 33, 449 N.W.2d 202 (1989). A person commits robbery if, with the intent to steal, he forcibly and by violence, or by putting in fear, takes from the person of another any money or personal property of any value whatever. Neb. Rev. Stat. § 28-324 (Reissue 1989). Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Neb. Rev. Stat. § 27-401 (Reissue 1989). Evidence of a robbery victim's injuries and treatment is relevant to prove an element of the crime of robbery, i.e., force and violence.

Porter contends that if the evidence was relevant, its relevance was outweighed by its unfair prejudicial effect. Apparently, Porter argues that Neb. Rev. Stat. § 27-403 (Reissue 1989), which bars the use of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice," is applicable to this case. This court has held that unfair prejudice in the context of § 27-403 means a tendency to suggest a decision on an improper basis. *State v. Wilson*, 225 Neb. 466, 406 N.W.2d 123 (1987). There is nothing to suggest a decision on an improper basis in this case due to the receipt of the evidence regarding the victims' injuries and treatment. The trial court did not abuse its discretion in admitting this evidence.

Porter contends in another assignment of error that the trial court erred in admitting evidence of his prior uncounseled conviction for giving false information. It is apparent from the record that both Porter and the State referred to the defendant's conviction of March 20, 1987. Porter's motion in limine to prevent use of this conviction for impeachment purposes was overruled. At Porter's trial, the State asked him if he had ever

been convicted of a crime of dishonesty or false statement. After the court overruled his objection to the question, Porter answered in the affirmative. The State ended its inquiry.

Neb. Rev. Stat. § 27-609 (Reissue 1989) provides that "[f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination, but only if the crime . . . (b) involved dishonesty or false statement regardless of the punishment."

Porter, relying on *Loper v. Beto*, 405 U.S. 473, 92 S. Ct. 1014, 31 L. Ed. 2d 374 (1972), argues that use of an uncounseled conviction for impeachment purposes violated his due process rights.

In *Loper*, the U.S. Supreme Court held that the use of convictions constitutionally invalid under *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), to impeach a criminal defendant's credibility deprives him of due process of law. However, later decisions of the U.S. Supreme Court, in *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), and *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), have established that the 6th and 14th amendments right to counsel extends only to those misdemeanor prosecutions where the defendant is *actually* imprisoned. Where no imprisonment is involved, an uncounseled misdemeanor conviction may be used for the purpose of impeachment. *Charles v. Foltz*, 741 F.2d 834 (6th Cir. 1984), *cert. denied* 469 U.S. 1193, 105 S. Ct. 970, 83 L. Ed. 2d 973 (1985); *Griffin v. Blackburn*, 594 F.2d 1044 (5th Cir. 1979). In this instance, Porter was fined $25 for giving false information. Since he was not actually imprisoned, he had no right to counsel. The conviction was therefore constitutionally valid under *Gideon* and could therefore be used to impeach Porter's credibility.

The trial court did not err in admitting, for the purpose of impeachment, Porter's uncounseled conviction for giving false information.

We need not discuss Porter's other assignment of error, which presents issues unlikely to occur upon retrial.

Porter's sentences are vacated, his convictions are reversed,

and the cause is remanded for a new trial on both robbery counts.

REVERSED AND REMANDED FOR A NEW TRIAL.