STATE OF NEBRASKA, APPELLEE, V.
DONNA MCPHERSON, APPELLANT.

668 N.W.2d 488

Filed September 12, 2003. No. S-02-186.

Mary C. Wickenkamp for appellant.

Don Stenberg, Attorney General, and Mark D. Raffety for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Donna McPherson appeals her convictions and sentences of the Lancaster County District Court. In a joint trial with her husband, Roger McPherson, Donna was convicted of one count of aiding and abetting first degree sexual assault on a child and two counts of child abuse. She was sentenced to an aggregate term of 12 to 20 years' imprisonment. Roger was convicted of two counts of first degree sexual assault on a child and two counts of child abuse. He was sentenced to 25 to 40 years' imprisonment for each sexual assault conviction and 5 years' imprisonment for

each child abuse conviction. Roger also appealed his convictions and sentences. The opinion in Roger's appeal can be found at *State v. McPherson, post* p. 734, 668 N.W.2d 504 (2003). The victims in both cases are the two minor daughters of Roger and Donna, S.M. and M.M., ages 12 and 11 respectively at the time of the joint trial.

## BACKGROUND

Some background is useful for context. Roger, Donna, and the two girls lived in a house consisting of two bedrooms—one for Roger and Donna and one for the girls. Roger and Donna's bedroom and main bathroom did not have doors. Donna was not home on most weekday evenings because she usually worked from 4 to 11 o'clock. Roger is disabled and was unemployed at the time the offenses took place.

In February 2001, M.M. approached school officials concerning her situation at home. She told officials that Roger had recently announced a new rule which would require the girls to "go around the house" naked on the weekends. She also alleged that Roger made her engage in fellatio with him. After talking with both girls, officials called the police to report the incidents of sexual abuse. The police took the girls to the Child Advocacy Center to be interviewed. The girls were placed in protective custody after the interviews.

As part of the investigation, the police went to the McPherson home where they obtained consent from the McPhersons to search their home. Upon obtaining a warrant, a subsequent search was conducted. Among other items, the police seized sexual devices and numerous sexually explicit videos. The sexual devices were found in the girls' bedroom and Roger and Donna's bedroom. Roger and Donna were subsequently arrested.

Following his arrest, Roger agreed to speak with the police. Before making his statement, Roger was read his *Miranda* rights and subsequently signed a *Miranda* warning and waiver form. Roger admitted he had "inspected" the girls' vaginas for hygienic purposes, but denied touching the girls in a sexual manner. Roger also admitted that on at least one occasion, the girls witnessed Roger and Donna having oral sex. He also admitted to knowing that sexual devices were kept in the home, but denied

ever using the devices on the girls or ever showing the girls how to use the devices. The statement was tape-recorded and later transcribed.

### PRIOR TO TRIAL

The State filed a motion to consolidate Roger's and Donna's cases for trial. The State alleged that the offenses were of the same or similar character; that the offenses were based on the same act or transaction; and that the same witnesses, evidence, and testimony would be offered against each defendant with one exception: Roger's statement. Roger did not oppose consolidation, but Donna opposed it on two grounds. First, she alleged that Roger's statement to the police contained incriminating statements about Donna and, if introduced at trial, would abridge her right of confrontation. Donna also alleged that she would be prejudiced at trial by association with Roger. In granting the State's motion to consolidate, the district court determined that all the charges arose from a factually related transaction or series of events in which both defendants participated. The court further determined that those portions of Roger's statement implicating Donna could be addressed by a motion in limine to test whether the confrontation issue could be overcome by the State. The court factored into account the girls' ages and possible psychological damage to them if they were required to testify at separate trials. Based on the evidence presented on the motion to consolidate, the court ultimately concluded that Donna failed in her requisite burden to establish that she would be prejudiced in a joint trial with Roger.

Donna filed three motions in limine. She objected, inter alia, to the admissibility of the sexual devices and sexually explicit videos seized at the McPherson home. Donna also filed a motion to redact, alleging that portions of Roger's statement violated her right of confrontation. She also claimed that some portions of the statement violated the rules of evidence.

We limit our review of the court's order on the admissibility of evidence to the evidence at issue in Donna's appeal. The district court found that Donna's motions presented two issues: (1) whether the evidence of sexual devices and sexually explicit videos were prohibited as rule 404(2) character evidence, see

Neb. Evid. R. 404(2), Neb. Rev. Stat. § 27-404(2) (Reissue 1995), and (2) whether Roger's statement was admissible at trial. In reviewing the first issue, the court divided the evidence at issue into two categories: (1) *material seized* which included the sexual devices and sexually explicit videos and (2) *Roger's conduct* which included Roger's viewing a sexually explicit film with the girls on New Year's Eve (New Year's Eve video).

As to the child abuse charges, the district court determined that the evidence of sexual devices, sexually explicit videos, and the New Year's Eve video were direct evidence of child abuse and not rule 404(2) evidence. As to aiding and abetting first degree sexual assault on a child, the district court determined that the evidence of sexual devices and sexually explicit videos were direct evidence of aiding and abetting first degree sexual assault on a child. The court also determined that the evidence of the New Year's Eve video was not evidence of any element of aiding and abetting unless the State could first establish that Donna had knowledge of the video. The court concluded that the New Year's Eve video was inadmissible rule 404(2) evidence and that if offered at trial for other purposes, a limiting instruction to the jury would be required.

As to the admissibility of Roger's statement, the court granted Donna's motion to redact in part, listing the portions to be redacted in its order. The court overruled the motion to redact as to all other portions not listed in its order.

After the court's ruling on the evidentiary issues, Donna filed a motion to sever her trial from that of Roger. She claimed that a joint trial violated her due process rights and that a joint trial would confuse the jury. In overruling the motion to sever, the court determined that limiting instructions given to the jury during the joint trial would address the issues raised by the motion to sever.

## TRIAL

Both girls testified at trial. Each testified that they had engaged in fellatio with Roger and that Donna had watched and participated on some occasions. They also testified that Roger sexually touched their vaginas. According to S.M., on at least one occasion, Donna actively participated in the sexual activity when

Roger sexually touched S.M.'s vagina. Both girls further testified that they had watched Donna engage in fellatio with Roger. According to the girls, Donna often went about the house nude and Roger went about the house partially nude. Their testimony also revealed that Roger took nude photographs of both girls.

Each girl testified about the material seized from the home, including the sexual devices and sexually explicit videos. S.M. testified that she had taken two sexual devices from her parents' bedroom without her parents' knowledge, but she also remembered asking Donna how to use them. Both girls testified that they had used the sexual devices. M.M. kept her device under her pillow, and S.M. kept her device on top of her dresser next to the bed.

As to the sexually explicit videos found in the house, each girl testified that the videos were stored in an unlocked video cabinet near the television. They testified that they had watched some of the videos. According to M.M., Donna had caught them watching a sexually explicit video and had told them not to watch it again.

Both girls also testified about Roger's conduct. They each testified that they watched the New Year's Eve video with Roger, but said that Donna was not home when they watched it. In addition, the girls testified concerning the new rule announced by Roger which would have required them to go around the house naked on the weekends.

Also called to testify were the two police officers who took Roger's statement at the police station. Both officers testified about portions of the statement, but the statement itself was not admitted into evidence. According to the officers, Roger admitted to knowing that the girls had watched some adult videos. Roger further admitted that due to his disability, he required assistance in using the bathroom, and that the girls, in assisting him, had seen him nude on occasion. The officers also testified that Roger admitted to inspecting the girls' vaginas for hygienic purposes, but denied ever touching the girls in a sexual manner. No reference was made to Donna by either officer while testifying about Roger's statement.

At the conclusion of the trial, the jury found Donna guilty of all charges.

## ASSIGNMENTS OF ERROR

Donna assigns, rephrased and renumbered, that (1) the district court erred in joining Roger's case and her case for trial, (2) the district court erred in admitting the statement of Roger at trial, (3) the district court erred in admitting evidence of sexual devices at trial, (4) the district court erred in admitting sexually explicit videos at trial, and (5) the evidence was insufficient to sustain the verdicts.

## STANDARD OF REVIEW

 A trial court's ruling on a motion for consolidation of prosecutions properly joinable will not be disturbed on appeal absent an abuse of discretion. *State v. Brunzo*, 248 Neb. 176, 532 N.W.2d 296 (1995). Judicial abuse of discretion means that the reasons or rulings of the trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Irons*, 254 Neb. 18, 574 N.W.2d 144 (1998). The burden is on the party challenging a joint trial to demonstrate how and in what manner he or she was prejudiced. *State v. Brunzo, supra.*

 Because the exercise of judicial discretion is implicit in Neb. Evid. R. 401, Neb. Rev. Stat. § 27-401 (Reissue 1995), it is within the discretion of the trial court to determine relevancy and admissibility of evidence of other wrongs or acts under Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 1995), and rule 404(2), and the trial court's decision will not be reversed absent an abuse of discretion. *State v. Aguilar*, 264 Neb. 899, 652 N.W.2d 894 (2002).

 In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Shipps*, 265 Neb. 342, 656 N.W.2d 622 (2003).

## ANALYSIS

### CONSOLIDATION

In her first assignment of error, Donna alleges that it was error to consolidate Roger's case and her case for trial. The

consolidation of separate cases is governed by Neb. Rev. Stat. § 29-2002 (Reissue 1995), which provides:

(2) The court may order two or more indictments, informations, or complaints . . . *if the defendants, if there is more than one, are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.* The procedure shall be the same as if the prosecution were under such single indictment, information, or complaint.

(Emphasis supplied.)

■■■ There is no constitutional right to a separate trial. The right is statutory and depends upon a showing that prejudice will result from a joint trial. *State v. Brunzo,* 248 Neb. 176, 532 N.W.2d 296 (1995). The burden is on the party challenging a joint trial to demonstrate how and in what manner he or she was prejudiced. *Id.* A trial court's ruling on a motion for consolidation of prosecutions properly joinable will not be disturbed on appeal absent an abuse of discretion. *Id.* The propriety of a joint trial involves two questions: whether the consolidation is proper because the defendants could have been joined in the same indictment or information, and whether there was a right to severance because the defendants or the State would be prejudiced by an otherwise proper consolidation of the prosecutions for trial. *Id.*

■■■ We first consider whether consolidation was proper. Consolidation is proper if the offenses are part of a factually related transaction or series of events in which both of the defendants participated. *State v. Brehmer,* 211 Neb. 29, 317 N.W.2d 885 (1982). Joinder was proper in the present case. The information against Roger and Donna charged both of them with child abuse and with related offenses; Roger with first degree sexual assault on a child, and Donna with aiding and abetting first degree sexual assault on a child. All of the charges arose out of the incidents and environment at the home in which Roger and Donna placed the girls and, therefore, are part of a factually related transaction or series of events in which both Roger and Donna participated.

Next, we consider whether Donna was prejudiced by the otherwise proper consolidation. Donna's first claim of prejudice is that the joint trial violated her right to confrontation. She contends that portions of Roger's statement admitted at trial inculpated her

and that she was unable to cross-examine Roger because he did not testify at trial. In claiming that she was prejudiced, Donna relies on *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). In *Bruton*, the codefendant's confession expressly implicated the defendant as his accomplice. The U.S. Supreme Court held that the admission of a codefendant's statement inculpating another defendant at a joint trial constitutes error where the declarant codefendant does not testify in the trial, regardless of the fact that the trial court gave instructions that the incriminating statement could be considered only against the declarant codefendant. The scope of *Bruton* was limited by *Richardson v. Marsh*, 481 U.S. 200, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987). The U.S. Supreme Court in *Richardson* determined that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence. Such confession does not violate the right to confrontation because it is not incriminating on its face, but becomes so only when linked with evidence introduced later at trial. *Id.*

Prior to trial, the court redacted 26 of the 28 portions of Roger's statement which Donna requested in her motion to redact. We also note that Roger's statement was not admitted into evidence, nor was the tape played for the jury. However, two police officers who were present during Roger's statement did testify about portions of Roger's statement. We, therefore, consider whether Donna's right to confrontation was violated.

Prior to each officer's testifying about the statement, the court gave the following limiting instruction: "Ladies and Gentlemen of the Jury, you are about to hear evidence of a statement made by Roger McPherson. You may consider the statement only regarding the charges pending against Roger McPherson and you may not consider it in connection with any charges pending against Donna McPherson." No objection was made to the limiting instruction. The only portions of the statement which the officers testified about included Roger's knowledge that the girls had watched some sexually explicit videos, that the girls had seen him nude when they helped him to the bathroom because of his disability, and that he had inspected the girls' vaginas for hygienic

purposes. The officers' testimony did not inculpate Donna. Donna's name was not used, nor was any reference made to Donna by counsel or the officers while they testified about portions of Roger's statement. No reference was made to the two portions of the statement not redacted by the court but requested in Donna's motion to redact. The prosecution, in its closing argument, reiterated that Roger's statement could not be considered in Donna's case. Because the statement was not incriminating on its face, as required by the *Bruton* rule, we determine that Donna's right to confrontation was not violated. The record establishes that the district court adhered to the safeguards established in *Richardson v. Marsh, supra.*

Donna's second claim of prejudice is that the joint trial violated her due process rights. She asserts that the complexity of the evidence confused the jury despite the court's limiting instructions. We disagree. Donna's counsel conceded at oral argument that the overwhelming majority of evidence introduced at the joint trial would have been used to prove the charges against Donna in a separate trial. Joinder is not prejudicial error where evidence relating to both offenses would be admissible in a trial of either offense separately. *State v. Porter*, 235 Neb. 476, 455 N.W.2d 787 (1990), *disapproved on other grounds, State v. Messersmith*, 238 Neb. 924, 473 N.W.2d 83 (1991). Moreover, the jury was cautioned about using evidence, specifically Roger's statement and the New Year's Eve video, against one defendant or offense and not against the other defendant or offense. Absent evidence to the contrary, it is presumed that a jury followed the instructions given in arriving at its verdict. *State v. Harrold*, 256 Neb. 829, 593 N.W.2d 299 (1999); *State v. White*, 249 Neb. 381, 543 N.W.2d 725 (1996), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). For these reasons, we determine that Donna has failed in her burden to establish that the joint trial violated her due process rights.

Donna also claims that she was prejudiced by the joint trial because the trial strategy and tactics of Roger's counsel conflicted with the trial strategy and tactics of Donna's counsel. This claim is not supported by the facts. Roger and Donna maintained their innocence throughout the proceedings. Furthermore, this issue was not presented to the district court. The different

strategies used by Roger's counsel, including not opposing the prosecution's motion for joinder, his motion to sequester the jurors, and his objection to Donna's motion to allow jury note-taking, were all considered and ruled upon by the court prior to trial. The court's order on the motion to consolidate was filed July 9, 2001, and the court's order on the other pretrial motions at issue was filed September 24. Donna did not claim that she would be prejudiced by these different strategies in her opposition to the prosecution's motion to consolidate. She also did not raise this issue in her motion to sever filed on September 28, which was after the court's order on the pretrial motions. Donna did not file a motion for new trial, whereby she could have raised this issue. Because Donna did not present this issue before the district court, we do not consider it on appeal. When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *State v. Davlin*, 265 Neb. 386, 658 N.W.2d 1 (2003).

Donna also claims that she was prejudiced by the cross-examination of S.M. by Roger's counsel because Roger's counsel elicited more damaging testimony against Donna than was elicited by the prosecution on direct examination. "In one poorly executed and senseless question, co-defendant's counsel managed to do what the prosecution could not - place [Donna] as a witness to first degree sexual assault of the alleged victim [S.M.] in Count One of the Information." Brief for appellant at 12. This claim is contrary to the evidence adduced at trial and therefore is without merit. As the following testimony reveals, S.M. did testify on direct examination that Donna was a participant on at least one occasion when Roger sexually penetrated her, which is sufficient evidence that Donna aided and abetted the first degree sexual assault on a child.

Q. [Direct examination by prosecution] Why would you jump?

A. [S.M.] Because my nerves would jiggle and that would cause me to jump.

Q. Well, what made your nerves jiggle?

A. My dad playing around with my button [vagina] with his finger.

Q. And was that happening while your mom [performed fellatio] on your dad's penis?

A. Yes.

Q. And after that happened did, ah, anybody do anything else?

A. I cannot remember.

Q. And did your mom say anything to you while this was going on?

A. I think she might have, but I can't recall it.

Q. Okay. Do you think she knew you were there?

A. Yes.

Q. You were all [Roger, Donna, M.M., and S.M.] on the bed together?

A. Yes.

For the above-stated reasons, we conclude that the district court did not abuse its discretion in consolidating the cases for trial. Donna has failed in her requisite burden to establish that she was prejudiced by the joint trial. Her first assignment of error is without merit.

## ROGER'S STATEMENT

In her second assigned error, Donna alleges that it was error to admit Roger's statement into evidence at trial because it violated her right of confrontation. We addressed this assigned error in the preceding section and concluded that Donna's right of confrontation was not violated. This assigned error is without merit.

## EVIDENCE

In her third and fourth assignments of error, Donna alleges it was error to admit the evidence of sexual devices and sexually explicit videos at trial. Donna claims that this evidence is irrelevant to the crimes charged (rule 401 objection) and that even if this evidence is relevant, its probative value is outweighed by its prejudicial effect (rule 403 objection). She also claims that its admissibility is prohibited as character evidence pursuant to rule 404(2). She contends that such erroneous admission necessitates a new trial.

In all proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules, not judicial discretion, except in those instances

under the rules when judicial discretion is a factor involved in determining admissibility. *State v. Aguilar*, 264 Neb. 899, 652 N.W.2d 894 (2002). Because the exercise of judicial discretion is implicit in rule 401, it is within the discretion of the trial court to determine relevancy and admissibility of evidence of other wrongs or acts under rules 401, 403, and 404(2), and the trial court's decision will not be reversed absent an abuse of discretion. *State v. Aguilar, supra.*

As to the child abuse charges, the district court, in its ruling on the admissibility of evidence, determined that the evidence of sexual devices and sexually explicit videos was direct evidence of child abuse and not rule 404(2) evidence. Implicit in the court's finding as to the sexual devices and sexually explicit videos is a finding that the evidence was relevant under rule 401, and further that its probative value was not outweighed by the danger of unfair prejudice under rule 403. The court found that this evidence tended to prove Donna's knowledge of the situation in which she placed the girls and that Donna intentionally placed or permitted the girls to be in a situation that endangered their physical or mental health. The court also determined the New Year's Eve video was direct evidence of child abuse even though there was no evidence that Donna knew of this specific event. The court held that it was for the jury to determine whether a particular danger was within the scope of possible dangers which could be reasonably presented by Donna's placing or permitting her girls to be in a situation, given the knowledge Donna did have.

As to aiding and abetting first degree sexual assault on a child, the district court determined that the evidence of sexual devices and sexually explicit videos was direct evidence of aiding and abetting first degree sexual assault on a child. The court also determined that the evidence of the New Year's Eve video was not evidence of any element of aiding and abetting unless the State could first establish that Donna had knowledge of it. The court concluded that the New Year's Eve video was inadmissible rule 404(2) evidence and, if offered at trial for other purposes, a limiting instruction to the jury would be required.

On appeal, Donna asserts that the testimony given at trial does not support the district court's ruling on the admissibility

of evidence. She claims that M.M.'s testimony regarding possession and use of a sexual device was irrelevant to the aiding and abetting charge because there was no testimony that Donna knew M.M. had a sexual device and that the victim of the offense was S.M. and not M.M. She further contends that the sexual devices constitute inadmissible character evidence under rule 404(2). The State argues that the sexual devices and sexually explicit videos are direct evidence of the crimes charged. It contends that this evidence is intertwined with the charged crimes and is not extrinsic evidence as defined under rule 404(2).

In this case, Donna was charged with two counts of child abuse, which requires the State to prove that Donna knowingly, intentionally, or negligently caused or permitted the girls to be placed in a situation that endangered their physical or mental health. See Neb. Rev. Stat. § 28-707 (Cum. Supp. 2002). Donna was also charged with aiding and abetting first degree sexual assault on a child. First degree sexual assault on a child is committed by "[a]ny person who subjects another person to sexual penetration . . . when the actor is nineteen years of age or older and the victim is less than sixteen years of age." Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1995). Pursuant to Neb. Rev. Stat. § 28-318(6) (Reissue 1995), sexual penetration means

> sexual intercourse in its ordinary meaning, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of the actor's or victim's body or any object manipulated by the actor into the genital or anal openings of the victim's body which can be reasonably construed as being for nonmedical or nonhealth purposes.

Aiding and abetting requires some participation in a criminal act and must be evidenced by some word, act, or deed. No particular acts are necessary, nor is it necessary that the defendant take physical part in the commission of the crime or that there was an express agreement to commit the crime. Mere encouragement or assistance is sufficient. *State v. Mantich*, 249 Neb. 311, 543 N.W.2d 181 (1996).

We first consider whether evidence of sexual devices and sexually explicit videos is relevant. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence. *State v. Miner*, 265 Neb. 778, 659 N.W.2d 331 (2003). We determine that sexual devices and sexually explicit videos, which were in the home and accessible to the girls, are relevant evidence of child abuse. This evidence would have some tendency to prove a pattern of child abuse regardless of whether Donna did or did not have knowledge of certain facts.

We next consider whether the evidence is prohibited by rule 404(2). Rule 404(2) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Stated another way, rule 404(2) prohibits the admission of other bad acts evidence for the purpose of demonstrating a person's propensity to act in a certain manner. *State v. Sanchez*, 257 Neb. 291, 597 N.W.2d 361 (1999). Evidence of other crimes which is relevant for any purpose other than to show the actor's propensity is admissible under rule 404(2). *State v. Aguilar*, 264 Neb. 899, 652 N.W.2d 894 (2002); *State v. Sanchez, supra*. In deciding whether evidence under rule 404(2) is evidence of the crime charged, we have determined that bad acts that form the factual setting of the crime in issue or that form an integral part of the crime charged are not part of the rule 404(2) coverage. *State v. Aguilar, supra.*

We conclude that the evidence of sexual devices and sexually explicit videos is not evidence of prior unrelated bad acts under rule 404(2), but is relevant evidence that forms the factual setting of the crimes charged. The State is allowed to present a coherent picture of the facts of the crimes charged. The State did not introduce the evidence to prove that Donna had the propensity or the character to act in a certain way. Instead, the evidence explains the circumstances of the McPherson home where the alleged crimes took place. The sexual devices were found in Roger and Donna's bedroom and in the girls' bedroom. S.M. kept her sexual device in plain view on her dresser. The sexually explicit videos were stored in an unlocked video cabinet near the television,

which was easily accessible by the girls. There is testimony that Donna knew that the girls had watched at least one of the sexually explicit videos. The evidence is so closely intertwined with both crimes charged that it cannot be considered extrinsic and therefore is not governed by rule 404(2). The evidence tends to prove Donna's knowledge of the situation in which she placed the girls. It also proves that a situation existed that endangered the girls' physical or mental health. Because the evidence is so closely intertwined with the crimes charged, we determine that evidence of sexual devices and other sexually explicit videos was properly admitted at trial. The evidence is not rule 404(2) evidence. We also conclude that the sexual devices and sexually explicit videos do not violate rule 403 because the probative value of describing the McPherson home and living conditions is not substantially outweighed by any prejudice to Donna. The trial testimony establishes that the sexual devices and sexually explicit videos were easily accessible to the girls and were often kept in plain view of Roger and Donna. From this record, it can be inferred that Donna had knowledge of the situation in which she placed the girls, and thus Donna is precluded from claiming that this evidence is unduly prejudicial.

Donna also alleges that it was error for the court to admit evidence of Roger's conduct. Donna specifically contends that the New Year's Eve video was not direct evidence of child abuse against Donna because there was no evidence establishing that Donna had knowledge of the event. We agree and conclude that the district court abused its discretion in admitting the New Year's Eve video as direct evidence of child abuse against Donna. At trial, both girls testified about watching the New Year's Eve video. Roger's and Donna's counsel timely objected on the grounds of relevancy, improper uncharged misconduct, and as being unduly prejudicial. The State argued that it was offering the evidence in accordance with the court's order on the motions in limine. The State claimed that the New Year's Eve video was direct evidence of child abuse against both Roger and Donna. It also claimed it was evidence of planned preparation for rule 404(2) purposes of the first degree sexual assault charges against Roger. The court overruled counsels' objections, but prior to the girls' testimony, gave the following limiting instruction:

Ladies and Gentlemen of the Jury, you are about to hear evidence that Roger McPherson viewed a sexually explicit film with his daughters . . . . Any evidence relating to these matters will be received regarding:

One, the two charges of child abuse against Roger and Donna McPherson; and

Two, you may consider this evidence for the limited purpose of addressing the issues of plan and preparation regarding the two charges of [first degree] sexual assault o[n] a child pending against Roger McPherson.

It is not to be considered by you with regard to the charge of aiding and abetting pending against Donna McPherson.

It is not to be used by you as proof of character of either Roger or Donna McPherson or to prove the propensity of either of them to act in a certain way.

■ There is no evidence in the record to support that Donna had any knowledge of the New Year's Eve event. If Donna did not have knowledge of the event, the evidence cannot be direct evidence of child abuse because that would require that she knowingly or intentionally placed the girls in a situation to be sexually abused. Although we conclude that the district court abused its discretion in admitting the New Year's Eve video in violation of rule 401 as direct evidence of child abuse against Donna, we consider this error harmless. Harmless error review looks to the basis on which the jury actually rested its verdict; the inquiry is not whether in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the actual guilty verdict rendered in the questioned trial was surely unattributable to the error. *State v. Faust*, 265 Neb. 845, 660 N.W.2d 844 (2003). Based upon our review of the entire record, including the undisputed testimony that Donna knew that the girls had performed fellatio on Roger, we have no difficulty in concluding that the guilty verdict was surely unattributable to the admission of the New Year's Eve event.

### SUFFICIENCY OF EVIDENCE

■ In her final assignment of error, Donna alleges that there is insufficient evidence to support the convictions for child

abuse and aiding and abetting first degree sexual assault on a child. Donna bases this argument on the girls' inconsistent testimony at trial which she claims make the allegations unbelievable. In essence, Donna's assignment of error attacks the credibility of the witnesses. Witness credibility, however, is not to be reassessed on appellate review. *State v. Jackson*, 264 Neb. 420, 648 N.W.2d 282 (2002). In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Shipps*, 265 Neb. 342, 656 N.W.2d 622 (2003). The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Jackson, supra.*

Viewed in a light most favorable to the State, we determine that there is sufficient evidence beyond a reasonable doubt to support the convictions for child abuse. Both girls testified that they performed fellatio on Roger while Donna was present. It is also uncontroverted that the girls had access to sexual devices and sexually explicit videos. Some of this evidence was kept in plain view of Roger and Donna. It is also undisputed that Roger and Donna often went around the house nude. Although the girls' testimony was inconsistent at times, it was rational for the trier of fact to have concluded that Donna knowingly and intentionally permitted the girls to be placed in a situation that endangered their physical or mental health.

There is also sufficient evidence in the record to support Donna's conviction for aiding and abetting first degree sexual assault on a child. There is evidence in the record that Roger digitally penetrated S.M. while simultaneously having Donna perform fellatio on him. There is also evidence in the record that Roger had the girls perform fellatio on him. This evidence is sufficient to sustain a finding that Donna aided and abetted the first degree sexual assault on S.M. This assigned error is without merit.

## CONCLUSION

The district court did not abuse its discretion in consolidating the cases for trial. In addition, we conclude that it was not error to admit evidence of sexual devices and sexually explicit videos, and we also conclude that it was harmless error to admit evidence of the New Year's Eve video. Furthermore, there is sufficient evidence in the record to support the convictions. Therefore, the judgment of the district court is affirmed.

AFFIRMED.