STATE OF NEBRASKA, APPELLEE, V.
ROGER MCPHERSON, APPELLANT.
668 N.W.2d 504

Filed September 12, 2003.    No. S-02-242.

Mary C. Wickenkamp for appellant.

Don Stenberg, Attorney General, and Mark D. Raffety for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Roger McPherson appeals his convictions and sentences of the Lancaster County District Court. In a joint trial with his wife, Donna McPherson, Roger was convicted of two counts of first degree sexual assault on a child and two counts of child

abuse. He was sentenced to 25 to 40 years' imprisonment for each sexual assault conviction and 5 years' imprisonment for each child abuse conviction. Donna was convicted of one count of aiding and abetting first degree sexual assault on a child and two counts of child abuse. She was sentenced to an aggregate term of 12 to 20 years' imprisonment. Donna also appealed her convictions and sentences. The opinion in Donna's appeal can be found at *State v. McPherson, ante* p. 715, 668 N.W.2d 488 (2003). The victims in both cases are the two minor daughters of Roger and Donna, S.M. and M.M., ages 12 and 11 respectively at the time of the joint trial.

## BACKGROUND

Some background is useful for context. Roger, Donna, and the two girls lived in a house consisting of two bedrooms—one for Roger and Donna and one for the girls. Roger and Donna's bedroom and main bathroom did not have doors. Donna was not home on most weekday evenings because she usually worked from 4 to 11 o'clock. Roger is disabled and was unemployed at the time the offenses took place.

In February 2001, M.M. approached school officials concerning her situation at home. She told officials that Roger had recently announced a new rule which would require the girls to "go around the house" naked on the weekends. She also alleged that Roger made her engage in fellatio with him. After talking with both girls, officials called the police to report the incidents of sexual abuse. The police took the girls to the Child Advocacy Center to be interviewed. The girls were placed in protective custody after the interviews.

As part of the investigation, the police went to the McPherson home where they obtained consent from the McPhersons to search their home. Upon obtaining a warrant, a subsequent search was conducted. Among other items, the police seized sexual devices and numerous sexually explicit videos. The sexual devices were found in the girls' bedroom and Roger and Donna's bedroom. Roger and Donna were subsequently arrested.

Following his arrest, Roger agreed to speak with the police. Before making his statement, Roger was read his *Miranda* rights and subsequently signed a *Miranda* warning and waiver form.

Roger admitted he had "inspected" the girls' vaginas for hygienic purposes, but denied touching the girls in a sexual manner. Roger also admitted that on at least one occasion, the girls witnessed Roger and Donna having oral sex. He also admitted to knowing that sexual devices were kept in the home, but denied ever using the devices on the girls or ever showing the girls how to use the devices. The statement was tape-recorded and later transcribed.

## PRIOR TO TRIAL

Roger filed a motion to suppress, claiming that the statement he gave to the police was not given voluntarily. Although it found portions of the tape inaudible, the district court denied the motion to suppress, concluding that the statement was given freely, voluntarily, and intelligently. The court found that Roger was given his *Miranda* rights orally and in writing prior to giving his statement.

Roger filed two motions in limine before trial. In the first motion, Roger objected to the admissibility of all the evidence seized at his house, claiming that it was irrelevant to the charges filed in his case and that to the extent any such evidence was relevant, its probative value was outweighed by its prejudicial effect. In his second motion, Roger objected to the admissibility of the statement he made to the police. Roger claimed that the quality of the recording was poor, that the recording consisted primarily of police accusations denied by Roger, and that the probative value of the tape was outweighed by its prejudicial effect. In his motion to redact, Roger alleged that portions of his statement were inadmissible, including all accusations made by the police, all references to uncharged misconduct, and all irrelevant comments made by the police or Roger.

We limit our review of the court's order on the admissibility of evidence to the evidence at issue in Roger's appeal. The court found that the motions presented two issues: (1) whether the evidence seized was prohibited as rule 404(2) character evidence, see Neb. Evid. R. 404(2), Neb. Rev. Stat. § 27-404(2) (Reissue 1995), and (2) whether Roger's statement was admissible at trial. In reviewing the first issue, the court divided the evidence at issue into two categories: (1) *material seized* which included the sexual devices and sexually explicit videos and (2) *Roger's conduct*

which included Roger's viewing a sexually explicit film with the girls on New Year's Eve (New Year's Eve video).

As to the child abuse charges, the district court determined that the evidence of sexual devices, sexually explicit videos, and the New Year's Eve video were direct evidence of child abuse and not rule 404(2) evidence. As to the first degree sexual assault on a child, the district court determined that the evidence of sexual devices and sexually explicit videos were not prior conduct under rule 404(2). The court determined that this evidence made up a relevant description of the crime scene which, according to the court, the State was entitled to present. As to the New Year's Eve video, the court determined that it was not evidence of an element of first degree sexual assault on a child. However, the court held that the New Year's Eve video had a proper purpose under rule 404(2). It determined that it was admissible as evidence of plan and preparation for sexual assault and thus was not barred as rule 404(2) evidence.

As to the admissibility of Roger's statement, the district court overruled Roger's motion in limine, but granted in part Roger's motions to redact, listing the portions to be redacted in its order. The court overruled the motions to redact as to all other portions not listed in its order.

### Trial

Both girls testified at trial. Each testified that they had engaged in fellatio with Roger and that Donna had watched and participated on some occasions. They also testified that Roger sexually touched their vaginas. According to S.M., on at least one occasion, Donna actively participated in the sexual activity when Roger sexually touched S.M.'s vagina. Both girls further testified that they had watched Donna engage in fellatio with Roger. According to the girls, Donna often went about the house nude and Roger went about the house partially nude. Their testimony also revealed that Roger took nude photographs of both girls.

Each girl testified about the material seized from the home, including the sexual devices and sexually explicit videos. S.M. testified that she had taken two sexual devices from her parents' bedroom without her parents' knowledge. She also remembered asking Donna how to use them. Both girls testified that they had

used the sexual devices. M.M. kept her device under her pillow, and S.M. kept her device on top of her dresser next to the bed.

As to the sexually explicit videos found in the house, each girl testified that the videos were stored in an unlocked video cabinet near the television. They testified that they had watched some of the videos. According to M.M., Donna had once caught them watching a sexually explicit video and had told them not to watch it again.

Both girls also testified about Roger's conduct. They each testified about watching the New Year's Eve video with Roger, but said that Donna was not home when they watched it. In addition, the girls testified about the new rule announced by Roger which would have required them to go around the house naked on the weekends.

Also called to testify were the two police officers who took Roger's statement at the police station. Both officers testified about portions of the statement, but the statement itself was not admitted into evidence. According to the officers, Roger admitted to knowing that the girls had watched some adult videos. Roger further admitted that due to his disability, he required assistance in using the bathroom, and that the girls, in assisting him, had seen him nude on occasion. The officers also testified that Roger admitted to inspecting the girls' vaginas for hygienic purposes only, but denied ever touching the girls in a sexual manner. No reference was made to Donna by either officer while testifying about Roger's statement.

At the conclusion of the trial, the jury found Roger guilty of all charges.

## ASSIGNMENTS OF ERROR

Roger assigns, rephrased, that the district court erred (1) in failing to suppress his statement to police, (2) in admitting evidence of sexual devices at trial, (3) in admitting sexually explicit videos at trial, and (4) in determining that the evidence was insufficient to sustain the verdicts.

## STANDARD OF REVIEW

A trial court's ruling on a motion to suppress will be upheld unless its findings are clearly erroneous. *State v. Strohl*, 255 Neb. 918, 587 N.W.2d 675 (1999).

■ Because the exercise of judicial discretion is implicit in Neb. Evid. R. 401, Neb. Rev. Stat. § 27-401 (Reissue 1995), it is within the discretion of the trial court to determine relevancy and admissibility of evidence of other wrongs or acts under Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 1995), and rule 404(2), and the trial court's decision will not be reversed absent an abuse of discretion. *State v. Aguilar*, 264 Neb. 899, 652 N.W.2d 894 (2002).

■ In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Shipps*, 265 Neb. 342, 656 N.W.2d 622 (2003).

## ANALYSIS

### STATEMENT

Roger argues in his first assignment of error that the district court erred in overruling his motion to suppress the statement he made to the police. Roger claims that he was continually hounded by the police to tell the truth, thereby rendering the statement involuntary. We first note that Roger's statement was not admitted into evidence at trial nor was the tape played for the jury. However, two police officers, who were present during Roger's statement, did testify about portions of Roger's statement. Thus, we consider whether the statement was voluntary.

■ In making the determination of whether a statement is voluntary, a totality of the circumstances test is applied, and the determination reached by the trial court will not be disturbed on appeal unless clearly wrong. *State v. Garner*, 260 Neb. 41, 614 N.W.2d 319 (2000). A statement of a suspect, to be admissible, must be shown by the State to have been given freely and voluntarily and not to have been the product of any promise or inducement—direct, indirect, or implied—no matter how slight. However, this rule is not to be applied on a strict, per se basis. Rather, determinations of voluntariness are based upon an assessment of all of the circumstances and factors surrounding the

occurrence when the statement is made. *State v. Haynie*, 239 Neb. 478, 476 N.W.2d 905 (1991).

The record reveals that Roger agreed to talk with the police after being advised of his *Miranda* rights, both orally and in writing. He never exercised his right to an attorney during the interview. In addition, there is no evidence that Roger was coerced or induced into making the statement. Despite the alleged improper "hounding" by the police to "tell the truth," Roger maintained, throughout the interview, that he was innocent of all the charges. He generally denied the allegations made against him and never changed his story. After considering the nature and extent of the interview, we conclude that the district court was not clearly wrong in concluding that Roger's statement was given freely, intelligently, and voluntarily.

Roger also argues that portions of the tape are inaudible and thus make the entire statement suspect and inadmissible. This argument was made in Roger's motion in limine prior to trial. At trial, Roger's counsel objected to the admissibility of the statement on the basis of the *motion to suppress*, which did not raise the issue of the tape's quality. He did not object on the basis of the motion in limine. Because overruling a motion in limine is not a final ruling on the admissibility of evidence and therefore does not present a question for appellate review, a question concerning the admissibility of evidence which is the subject of a motion in limine is raised and preserved for appellate review by an appropriate objection during trial. *State v. Timmens*, 263 Neb. 622, 641 N.W.2d 383 (2002). Because the objection at trial was not on the specific grounds alleged in the motion in limine, we conclude that the issue raised by the motion in limine is not properly preserved on appeal.

### EVIDENCE

In his second and third assignments of error, Roger alleges it was error to admit the evidence of sexual devices and sexually explicit videos at trial. He claims that the trial testimony does not support the court's ruling on the admissibility of evidence made prior to trial.

In all proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska

Evidence Rules, not judicial discretion, except in those instances under the rules when judicial discretion is a factor involved in determining admissibility. *State v. Aguilar,* 264 Neb. 899, 652 N.W.2d 894 (2002). Because the exercise of judicial discretion is implicit in rule 401, it is within the discretion of the trial court to determine relevancy and admissibility of evidence of other wrongs or acts under rules 401, 403, and 404(2), and the trial court's decision will not be reversed absent an abuse of discretion. *State v. Aguilar, supra.*

Prior to trial, in its ruling on the admissibility of evidence, the district court determined that the evidence of sexual devices and other sexually explicit videos was not rule 404(2) evidence. The court concluded that this evidence was offered to describe the crime scene and that its probative value to establish the crime scene was not substantially outweighed by any potential unfair prejudice under rule 403. Implicit in the court's ruling was a finding that the evidence was relevant under rule 401.

On appeal, Roger asserts that there was no evidence adduced at trial which establishes that he had any knowledge that the girls possessed or used sexual devices and that thus, it was error to admit the evidence of sexual devices. He also claims that the evidence of sexually explicit videos is inadmissible because it is irrelevant to the crimes charged, is unfairly prejudicial, and is propensity-type evidence.

In this case, Roger was charged with two counts of child abuse, which requires the State to prove that Roger knowingly, intentionally, or negligently caused or permitted the girls to be placed in a situation that endangered their physical or mental health. See Neb. Rev. Stat. § 28-707 (Cum. Supp. 2002). Roger was also charged with first degree sexual assault on a child. First degree sexual assault on a child is committed by "[a]ny person who subjects another person to sexual penetration . . . when the actor is nineteen years of age or older and the victim is less than sixteen years of age." Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1995). Pursuant to Neb. Rev. Stat. § 28-318(6) (Reissue 1995), sexual penetration means

> sexual intercourse in its ordinary meaning, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of the actor's or victim's body or any object

manipulated by the actor into the genital or anal openings of the victim's body which can be reasonably construed as being for nonmedical or nonhealth purposes.

We first consider whether the evidence of sexual devices and sexually explicit videos is relevant. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *State v. Miner*, 265 Neb. 778, 659 N.W.2d 331 (2003). We determine that the evidence of sexual devices and sexually explicit videos, which were in the home and accessible to the girls, is relevant evidence of child abuse. This evidence would have some tendency to prove a pattern of child abuse regardless of whether Roger did or did not have knowledge of certain facts.

We next consider whether the evidence is prohibited by rule 404(2). Rule 404(2) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Stated another way, rule 404(2) prohibits the admission of other bad acts evidence for the purpose of demonstrating a person's propensity to act in a certain manner. *State v. Sanchez*, 257 Neb. 291, 597 N.W.2d 361 (1999). Evidence of other crimes which is relevant for any purpose other than to show the actor's propensity is admissible under rule 404(2). *State v. Aguilar*, 264 Neb. 899, 652 N.W.2d 894 (2002); *State v. Sanchez, supra.* In deciding whether evidence under rule 404(2) is evidence of the crime charged, we have determined that bad acts that form the factual setting of the crime in issue or that form an integral part of the crime charged are not part of the rule 404(2) coverage. *State v. Aguilar, supra.*

We conclude that the evidence of sexual devices and sexually explicit videos is not evidence of prior unrelated bad acts under rule 404(2), but is relevant evidence that forms the factual setting of the crimes charged. The State is allowed to present a coherent picture of the facts of the crimes charged. The State did

not introduce the evidence to prove that Roger had the propensity or the character to act in a certain way. Instead, the evidence explains the circumstances of the McPherson home where the alleged crimes took place. The sexual devices were found in Roger and Donna's bedroom and in the girls' bedroom. S.M. kept her sexual device in plain view on her dresser. The sexually explicit videos were stored in an unlocked video cabinet near the television, which was easily accessible by the girls. There is also testimony that Roger had knowledge that the girls had watched the New Year's Eve video. The evidence is so closely intertwined with both crimes charged that it cannot be considered extrinsic and therefore is not governed by rule 404(2). The evidence tends to prove Roger's knowledge of the situation in which he placed the girls. It also proves that a situation existed that endangered the girls' physical or mental health. Because the evidence is so closely intertwined with the crimes charged, we determine that the evidence of sexual devices and sexually explicit videos was properly admitted at trial. The evidence is not rule 404(2) evidence. We also conclude that the sexual devices and sexually explicit videos do not violate rule 403 because the probative value of describing the McPherson home and living conditions is not substantially outweighed by any prejudice to Roger. The trial testimony establishes that the sexual devices and sexually explicit videos were easily accessible to the girls and were often kept in plain view of Roger and Donna.

### SUFFICIENCY OF EVIDENCE

In his final assignment of error, Roger alleges that there is insufficient evidence to support the convictions for child abuse and first degree sexual assault on a child. Roger bases this argument on the girls' inconsistent testimonies at trial. In essence, Roger's assignment of error attacks the credibility of the witnesses. Witness credibility, however, is not to be reassessed on appellate review. *State v. Jackson,* 264 Neb. 420, 648 N.W.2d 282 (2002). In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and

construed most favorably to the State, is sufficient to support the conviction. *State v. Shipps*, 265 Neb. 342, 656 N.W.2d 622 (2003). The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Jackson, supra.*

Viewed in a light most favorable to the State, we determine there is sufficient evidence beyond a reasonable doubt to support Roger's convictions for child abuse. Both girls testified that they performed fellatio on Roger. It is also uncontroverted that the girls had access to sexual devices and sexually explicit videos. Some of this evidence was kept in plain view of Roger. Both girls also testified that they had watched the New Year's Eve video with Roger. It is also undisputed that Roger and Donna often went around the house nude or partially nude. Although the girls' testimony was inconsistent at times, it was rational for the trier of fact to have concluded that Roger knowingly and intentionally permitted the girls to be placed in a situation that endangered their physical or mental health.

There is also sufficient evidence in the record to support Roger's convictions for first degree sexual assault on a child. S.M. testified that Roger digitally penetrated her vagina and that both girls had performed fellatio on Roger, which is evidence that Roger sexually penetrated S.M. and M.M. Viewing the evidence in the light most favorable to the prosecution, we determine there is sufficient evidence to sustain a finding that Roger sexually assaulted S.M. and M.M. This assigned error is without merit.

## CONCLUSION

The district court did not err in concluding that Roger's statement to the police was voluntary. We also conclude that it was not error to admit the evidence of sexual devices and sexually explicit videos. Furthermore, there is sufficient evidence in the record to support the convictions. Therefore, the judgment of the district court is affirmed.

AFFIRMED.